## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2666 | **DATE** | 2/5/2003 |
| **CASE TITLE** | Rolando Almanza vs. Town of Cicero etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. But there are too many loose ends, as indicated, to make definitive rulings on counts II, V, VIII, IX and X at this time. Perhaps further briefing will provide the answers. Defendants' supplemental brief by 2/26/03. Answer to supplemental brief to be filed by 3/12/03. Reply to answer to be filed by 3/21/03. We grant summary judgment to defendants counts, IV, VII and XI and deny it, for now, counts II, V, VIII, IX and X.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **FEB 1 0 2003** | |
| | Notified counsel by telephone. | | date docketed | 22 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 FEB -7 AM 11:42 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROLANDO ALMANZA,           )
                           )
         Plaintiff,        )
                           )
   vs.                     )   No. 02 C 2666
                           )
TOWN OF CICERO, a municipal corporation, )
and CICERO POLICE OFFICER LOUIS          )
DRAKULICH, individually,   )
                           )
         Defendants.       )

DOCKETED
FEB 1 0 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff sued defendants, alleging various claims arising out of his arrest and subsequent conviction of a Town of Cicero ordinance violation. Defendants moved to dismiss some of the claims and, in response, plaintiff filed an amended complaint. Defendants now move for summary judgment on some of the claims.

The result in large part turns on whether an added count was timely. In count XI plaintiff seeks administrative review of the disorderly conduct conviction. Illinois law requires that such review must be sought within 35 days. A considerably longer period had passed before that count was added in the amended complaint. Plaintiff points out that a federal court has jurisdiction to review a municipal administrative action in a case otherwise properly before the court, City of Chicago v. International College of Surgeons, 522 U.S. 156 (1997), and he claims, without elaboration or any reference to case law, that the amendment relates back to the timely filed original complaint, pursuant to Federal Rule of Civil Procedure 15(c), because it arises from the same "conduct, transaction or occurrence" as the original complaint.



The issue is considerably more complex than plaintiff suggests. The amendment invokes the supplemental jurisdiction of 28 U.S.C. §1367 and is governed by state law. While federal procedural rules customarily trump state law, Hanna v. Plumer, 380 U.S. 460 (1965), an extended limitations period does violence to Illinois law. The administrative proceeding was an action by local government to vindicate local law, not a private cause of action. The Illinois Supreme Court has made it clear that the time limit was intended to hasten the procedure of administrative review and avoid undue delay. Accordingly, it has held that the commencement within 45 days is a jurisdictional requirement. Carver v. Nall, 239 Ill.Dec. 567, 714 N.E.2d 486 (Ill. 1999). By that, we believe the court determined that a timely appeal is a condition of the right to appeal and that the right expires if not timely pursued – a substantive restriction imposed by state law. *See, generally,* Houben v. Telular Corp., 309 F.3d 1028 (7th Cir. 2002). But even if that were not so, a due regard for federal-state relations is a countervailing interest, *see* City of Chicago v. International College of Surgeons, *supra,* at 174, and, given the strong Illinois interest in a prompt appeal from an adverse determination in a quasi-criminal proceeding, comity counsels against an indefinite extension of the right to appeal. *See* Huffman v. Pursue, Ltd., 420 U.S. 592 (1975). We grant the motion for summary judgment on count XI.

That judgment is fatal to some of the other counts. Count VII alleges a state claim for malicious prosecution. As plaintiff concedes, that claim requires a prior termination in plaintiff's favor, Stephens v. Taylor, 264 Ill.Dec. 934, 771 N.E.2d 638 (Ill.App. 3d Dist. 2002), and he cannot make that showing. The state false imprisonment claim of count IV also falls because of the common law doctrine, followed by Illinois, King v. Goldsmith, 897 F.2d 885 (7th

Cir. 1990), that a conviction bars such a claim.

Defendants also contend that the Rooker-Feldman doctrine or Heck v. Humphrey, 512 U.S. 477 (1994), or *res judicata,* bars a number of the claims, but that contention is somewhat more problematic. The Rooker-Feldman doctrine does not apply to administrative decisions, Van Harken v. City of Chicago, 103 F.3d 1346 (7th Cir. 1997), because its reach extends only to the decisions of state courts, Narey v. Dean, 32 F.3d 1521 (11th Cir. 1994), and this was a proceeding before an administrative hearing officer. Heck v. Humphrey, *supra,* bars any claim that would necessarily employ the invalidity of a conviction or sentence. But does Heck v. Humphrey apply to an administrative determination? The parties do not discuss that issue. The federal courts must give the same preclusive effect to state agency findings that state courts would give to them, unless Congress indicates otherwise, East Food & Liquor, Inc. v. United States, 50 F.3d 1405 (7th Cir. 1995), but what preclusive effect would the state courts give to this determination? The Illinois courts do not necessarily give preclusive effect to quasi-criminal determinations, nor do the federal courts give that effect if there are serious doubts as to the fairness, quality or extensiveness of the earlier proceedings. Mustfov v. Superintendent of Chicago Police Department, 733 F.Supp. 283 (N.D.Ill. 1990). The parties do not discuss either exception.

As best we can determine from the complaint, the agreed facts, and an affidavit of plaintiff's then counsel, plaintiff was originally arrested for disorderly conduct for failure to obey a lawful order of a police officer to disperse, this alleged conduct taking place at a police station. When the matter came to hearing, the prosecuting attorney amended the charge to disorderly conduct for making an "unreasonable or offensive act, utterance, gesture or display

which, under the circumstances, creates a clear and present danger of a breach of the peace or imminent threat of violence." The apparent basis of the charge was the testimony of a police officer that she had been told by two unnamed youths that plaintiff had "thrown" gang signs at them inside the lobby of the police department. Plaintiff's attorney objected to the admission of the hearsay and to the amendment, not having been previously advised of the amended charge and not being provided with the identity of the two youths. The objections were overruled and plaintiff was found guilty. Although the ordinance provides for fines of at least $25 and not more than $750, no fine was levied. The hearing lasted between 15 and 20 minutes. There was no court reporter recording the proceedings.

City of Chicago v. International College of Surgeons, *supra*, which permits federal courts to entertain appeals from adverse municipal ordinance decisions, by implication determines that another of defendants' contentions, that Younger or Colorado River abstention doctrines counsel against a federal court entertaining claims arising out of a municipal quasi-criminal proceeding, cannot prevail. We are mindful, however, that the process due in such a proceeding is less than that due in a criminal trial where liberty is at stake. *See* Van Harken v. City of Chicago, *supra*. We are also mindful that Heck v. Humphrey, Rooker-Feldman, Younger, and Colorado River all have at their core the notion that federal courts should be cautious about intervening into state proceedings. It is, thus, on its face questionable that we entertain claims arising from an unreported municipal hearing that concluded without a sanction and was not timely appealed. But there are too many loose ends, as indicated, to make definitive rulings on counts II, V, VIII, IX and X at this time. Perhaps further briefing will provide the answers. Defendants are directed to file a

supplemental brief by February 26, 2003, with a response by March 12 and a reply by March 21.

We grant summary judgment to defendants on counts, IV, VII and XI and deny it, for now, on counts II, V, VIII, IX and X.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 5, 2003.